IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES MILLER,                                                                  Civil No. 05-331-CO

      Plaintiff,                                                               FINDINGS AND RECOMMENDATION

  v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

COONEY, Magistrate Judge:

      Plaintiff has filed an application for attorneys fees pursuant to the Equal Access to Justice Act (EAJA) (#22), 28 U.S.C. § 2412, seeking attorney's fees in the amount of $11,791.71 [74.33 hours of attorney time at the rate of $158.64 per hour]. Defendant objects to plaintiff's application.

      Plaintiff obtained a judgment remanding this matter pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation of benefits. Plaintiff is the prevailing party. Plaintiff alleges that his net worth meets the EAJA net worth requirements.

      Defendant concedes that the administrative decision was not substantially justified, and stipulates to the hourly rate. However, defendant objects to the hours of attorney time proposed by plaintiff, asserting that the request is relatively high for a social security case such as this one,

in which the judgment was conceded. She contends that it was not necessary for two attorneys with the experience of plaintiff's attorneys to have spent as much time as indicated on the time sheet. She asserts that the transcript in this case was relatively small and the issues presented were all standard and routine issues in social security cases. Defendant submits that plaintiff's counsel should be compensated for 40 hours, rather than the hours sought.

The Supreme Court has found that, "once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in <u>Hensley [v. Eckerhardt</u>, 461 U.S. 424 (1983), where the Court determined an award of attorney's fees in a civil rights case]. <u>Commissioner v. Jean</u>, 496 U.S. 154, 161 (1990). "The party opposing the fee application has a burden of rebuttal that requires submission of **evidence** to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1397-98 (9th Cir. 1993) (emphasis added); <u>Gates v. Rowland</u>, 39 F.3d 1439, 1449 (9th Cir. 1994); <u>Lucas v. White</u>, 63 F. Supp.2d 1046, 1057 (N.D. Cal. 1999). "Conclusory and unsubstantiated objections are not sufficient to warrant a reduction in fees." <u>Lucas</u>, 63 F. Supp.2d at 1057-58 (citing <u>Gates</u>, 987 F.2d at 1397-98).

Here, defendant proposes that plaintiff's counsel should be compensated for 40 hours, without any explanation. Defendant's suggestion that the number of hours requested by plaintiff should be reduced is unsupported by any particular citation to the claimed time expended or by

any evidence challenging the reasonableness of the hours expended by counsel in this matter.[1] Thus, defendant fails to successfully rebut the hours claimed by plaintiff.

Having reviewed the record, the Court finds that the Commissioner's position was not substantially justified, and that the number of hours expended by plaintiff's counsel and the hourly fee requested are reasonable under the EAJA.

IT IS RECOMMENDED that plaintiff's application for attorneys fees under the EAJA (#22) be granted.

*__This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals__.*  **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** *__The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have ten days within which to file a response to the objections__.*  **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this ____15_____ day of August, 2006.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE

---

[1]  The Court notes that the judgment in this case was not conceded as asserted by defendant. Defendant defended the administrative decision, and the Court's order and judgment were reached after a thorough review of the record, the parties' arguments, and applicable law.

Findings and Recommendation - 3